UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REBEKAH GEE ET AL. | MISC. ACTION |
| VERSUS | NO. 18-4793 |
| WOMEN'S HEALTH CARE CENTER | SECTION "S" (2) |

## ORDER AND REASONS ON MOTION

This is a subpoena enforcement action ancillary to underlying litigation currently pending in the United States District Court for the Middle District of Louisiana. June Medical Services, LLC, et al. v. Gee, C.A. No. 16-444 ("June"). The June plaintiffs challenge the constitutionality of several 2016 Louisiana abortion statutes, including a provision addressing the handling of fetal remains after abortions.

In this court, movants are the Secretary of the Louisiana Department of Health, the Louisiana Attorney General, the District Attorney of Caddo Parish and the Commissioner of the Louisiana Division of Administration, all of whom are defendants in June. Under this court's authority, movants issued a subpoena to Women's Health Care Center ("Women's") and Delta Clinic of Baton Rouge ("Delta"), Record Doc. No. 1, neither of which are June parties. This court issued an order compelling Women's and Delta to provide responses to the subpoena. Record Doc. No. 8. Women's and Delta provided responses and supplemental responses. Record Doc. Nos. 11-1, 11-2.

Two motions are now pending before me. The first is movants's motion for an order to show cause concerning civil contempt. Record Doc. No. 9. In that motion,

movants complain that, although materials responsive to the subpoena were produced after the court order, some contained redactions. I deferred ruling on that motion until the **un**redacted materials were produced to me for in camera review, Record Doc. No. 17, as required by a protective order concerning discovery that was issued by the court in June. The **un**redacted materials have now been produced to me, Record Doc. No. 20, and I have reviewed them in camera.

The second, related motion seeks to file certain materials, which are described below, under seal. Record Doc. No. 10. The motion to seal states that sealing of these materials is sought only "out of an abundance of caution." Record Doc. No. 10 at p. 1. Movants make clear in their motion and supporting memorandum that they do **not** support sealing of these documents, but they do so because the subpoena recipients have designated them as confidential, and movants challenge that designation.

Women's and Delta filed a memorandum in opposition to the civil contempt show cause motion, Record Doc. No. 11, but they make no statement specifically addressing the motion to seal. No separate memorandum in opposition to the motion to seal has been received. Having considered all of the submitted materials, the record of both proceedings and the applicable law, both motions are DENIED, subject to the redaction of home addresses, for the following reasons.

As an initial matter, subpoenas duces tecum are discovery. See Garvin v. S. States Ins. Exchg. Co., 2007 WL 2463282, at *5 n.3 (N.D. W. Va. Aug. 28, 2007)(Subpoenas

duces tecum "'are discovery devices'") (quoting In re Application of Time, Inc., 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), aff'd, 209 F.3d 719, 2000 WL 283199 (5th Cir. 2000)); Nicholas v. Wyndham Int'l, Inc., 2003 WL 23198847, at *1-2 (D.V.I. Oct. 1, 2003) (the "clear majority position [is] that use of Rule 45 subpoenas constitutes discovery"); Mortg. Info. Servs. v. Kitchens, 210 F.R.D. 562, 566-67 (W.D.N.C. 2002) ("a Rule 45 subpoena does in fact constitute discovery"); accord Martin v. Oakland County, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21, 2008); Fabery v. Mid-S. Ob-GYN, 2000 WL 35641544, at *1 (W.D. Tenn. May 15, 2000).

Significantly, all discovery in June is subject to a protective order that is in effect and by its clear terms applies both to parties and non-parties. June M.D.La. Record Doc. No. 96 at pp. 2 and 7 ("[T]his Protective Order shall govern the handling of all confidential and sensitive documents . . . and any other material or information produced, disclosed or filed by any party or non-party and designated as such . . . . "[A] producing or receiving party may require redactions to such materials, whether they are the party's own materials or materials produced by another party or non-party for use in this litigation. To the extent that a party objects to any such redaction, the parties shall address that dispute subject to the provisions of this Order, with the Court ultimately to decide (based on an in camera review of a non-redacted version of materials at issue) any dispute over the need for redactions that the parties cannot resolve on their own.") (emphasis added)). In addition, the June court also issued a separate protective order

permitting three particular doctors to proceed anonymously as plaintiffs. June M.D.La. Record Doc. No. 12.

Federal courts must respect and enforce the orders of other courts, particularly in ancillary matters related to pending litigation like the captioned miscellaneous matter in this court. See In re: DaimlerChrysler Corp., 294 F.3d 697, 700 (5th Cir. 2002)(citing Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995)("[A] federal court is bound by the proper orders of another federal court.")); Mugworld, Inc. v. G.G. Marck & Assocs., Inc., No. 405CV441, 2007 WL 2229568, at *1 (E.D. Tex. June 15, 2007) (". . . it is well-settled that 'the need for comity is not to be downplayed.'")(denying motion to compel production of deposition testimony which was protected by protective order issued by another court) (citing Holland v. Summit Tech., Inc., 2001 WL 1132030, at *4 (E.D. La. 2001))); Tucker v. Ohtsu Tire & Rubber Co., Ltd., 191 F.R.D. 495, 499 (D. Md. 2000)("Courts which have been called upon to decide discovery motions that involve requests to modify or terminate a protective order previously issued by another court, whether state or federal, have frequently felt constrained by principles of comity [and] courtesy' not to do so."); Dushkin Publishing Group, Inc. v. Kinko's Service Corp., 136 F.R.D. 334, 335 (D.D.C. 1991)(as a matter of comity, documents shielded by a protective order issued in another case would not be ordered produced).

As to the show cause/contempt motion, movants bear the burden of establishing by clear and convincing evidence that: (1) a court order was in effect; (2) the order

required certain conduct by the respondent; and (3) the respondent failed to comply with the court order. In the contempt context, "clear and convincing evidence is that 'weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct, weighty and convincing as to enable [the] fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case.'" Moawad v. Childs, 253 F.3d 700, 2001 WL 498491, at *1 (5th Cir. Apr. 9, 2001) (quoting Travelhost, Inc. v. Blandford, 68 F.3d 958, 961 (5th Cir. 1995)); accord Bunnett & Co., Inc. v. Dores, 2018 WL 1168860, at *5 (W.D. Tex. Mar. 6, 2018) (Austin, M.J.); Am. Serv. Mktg. Corp. v. Bushnell, 2009 WL 1870887, at *2 (E.D. La. June 25, 2009) (Engelhardt, J.).

Applying these standards, the motion to show cause concerning civil contempt is denied for two reasons. First, no order of this court was violated. My order made no mention one way or the other concerning redaction.

Second, and more significantly, the redactions were specifically permitted by the protective order issued by the Middle District Court governing discovery in June. M.D.La. Record Doc. No. 96. The protective order provides:

> Any document or information produced by any party or non-party during the course of this litigation in response to any subpoena or discovery request . . . may be designated as "Confidential—Subject to Protective Order."
>
> \*   \*   \*

> In addition to designating materials as "Confidential—Subject to Protective Order," <u>a producing party may require redactions</u> to such materials, whether they are the party's own materials or materials produced by another party or non-party for use in this litigation. To the extent that a party objects to any such redaction, the parties shall address that dispute subject to the provisions of this Order, with the Court ultimately to decide (based on an <u>in camera</u> review of a non-redacted version of [the] materials at issue) any dispute over the need for redactions that the parties cannot resolve on their own.

<u>Id.</u> at pp. 3, 7 (emphasis added). That order specifically contemplated the "confidential" designations and redactions about which movants complain in the motion to show cause.

However, after reviewing the redacted materials submitted to me for <u>in camera</u> review, I find that the redacted information is the name of a business and contains nothing that is protected by the <u>June</u> protective order. The name of this public business is not "confidential" under the terms of the <u>June</u> protective order, Record Doc. No. 96 at p. 4 in M.D. La. C.A. 16-444, and no other names or other identifying characteristics are listed in it. In addition, having reviewed the document, nothing in it appears to be a trade secret or confidential proprietary business information in any way. As discussed below, parties asserting the confidentiality of information on these grounds bear a particular burden of proof. Women's and Delta have submitted no proof sufficient to bear that burden. Accordingly, IT IS ORDERED that defendants must provide movants with an unredacted copy of these materials no later than **July 9, 2019**.

As to the motion to seal, the court is a public forum. Its record is presumptively a <u>public</u> record, open to view by all, and requests to seal the court's record are not lightly

granted or considered. The decision to seal a record "must be made in light of the strong presumption that all trial [court] proceedings should be subject to scrutiny by the public." United States v. Holy Land Found., 624 F.3d 685, 690 (5th Cir. 2010) (quotation omitted); accord Cameron Int'l Corp. v. Abbiss, 2016 WL 8738399, at *1 (S.D. Tex. Nov. 4, 2016) (Atlas, J.).

> To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against the interests favoring non-disclosure. Courts recognize a common law right to access judicial records and proceedings, but the right is not absolute. Public access serves to enhance the transparency and trustworthiness of the judicial process, to curb judicial abuses, and to allow the public to understand the judicial system better. It follows then that the district court's discretion to seal the record of judicial proceedings is to be exercised charily. Although countervailing interests can outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption. The decision as to access is left to the discretion of the trial court, but any doubt must be construed in favor of disclosure.

Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc., 2005 WL 1309158, at *1 (E.D. La. May 19, 2005) (quotations omitted) (emphasis added) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 599 (1978); Grove Fresh Distribs., Inc. v. Everfresh Juice Co., 24 F.3d 893, 897 (7th Cir. 1994), superseded by rule on other grounds by Bond v. Ultreras, 24 F.3d 893 (7th Cir. 1994); Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993); Sec. & Exchg. Comm'n v. Van Waeyenberghe, 990 F.2d 845, 848-49 (5th Cir. 1993); Bahwell v. Stanley-Bostitch, Inc., 2002 WL 1298777, at *1 (E.D. La. June 10, 2002); Marcus v. St. Tammany Parish Sch.

Bd., 1997 WL 313418, at *5 (E.D. La. June 9, 1997)); accord Omega Hosp., LLC v. Cmty. Ins. Co., 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (Barbier, J.); Reichert v. Starring, 2011 WL 4404117, at *1 (E.D. La. Sept. 21, 2011); Pamlab, L.L.C. v. Brookstone Pharm., L.L.C., 2010 WL 4363870, at *2-3 (E.D. La. Oct. 22, 2010) (citing Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n, 710 F.2d 1165, 1179-80 (6th Cir. 1983)).

> The First Amendment presumes that there is a right of access to proceedings and documents which have historically been open to the public and where the disclosure of which would serve a significant role in the functioning of the process in question. This presumption is rebuttable upon demonstration that suppression "is essential to preserve higher values and is narrowly tailored to serve that interest."

Grove Fresh Distribs., 24 F.3d at 897 (quoting Press-Enter. Co. v. Superior Ct., 464 U.S. 501, 510 (1984)) (additional quotation omitted) (emphasis added).

> [A] district court has the discretion to seal a record, but we think that this discretion should be used with care and exercised only where the justifications for doing so appear considerably stronger than ... the public's right to be informed. On a broad public level, ... litigation with millions at stake, ought to be litigated openly.... As the Third Circuit has noted, "[p]ublic confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view."

In re High Sulfur Content Gas. Prods. Liab. Litig., 517 F.3d 220, 230 (5th Cir. 2008) (quotation omitted) (quoting United States v. Cianfrani, 573 F.2d 835, 851 (3d Cir.

1978)) (emphasis added); accord United States v. Sealed Search Warrants, 868 F.3d 385, 395-96 (5th Cir. 2017).

Importantly, the party seeking sealing of the public record bears the burden of showing good cause for this kind of protection. Fed. R. Civ. P. 26(c)(1). The burden is "to show the necessity of [the protective order's] issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." In re Terra Int'l, 134 F.3d 302, 306 (5th Cir. 1998) (quoting United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978))(emphasis added); see also U.S. ex rel. King v. Solvay S.A., 2013 WL 820498, at *2 (S.D. Tex. Mar. 5, 2013); United States v. Talco Contractors, Inc., 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged."). In this case, movants have made clear that they oppose sealing and have filed this motion only to comply with the protective order in June. The actual parties whose interests might be to seal these materials are the subpoena recipients, and they bear this burden.

To whatever extent, if any, that the subpoena recipients assert that some or all of these materials are confidential, proprietary business information, they bear the burden of proof to establish that they constitute "a trade secret or other confidential research, development, or commercial information," Fed. R. Civ. P. 26(c)(1)(G); that the party's interest in secrecy outweighs the presumption of a public record; and that disclosure "'would cause an identifiable, significant harm.'" Morton v. Cooper Tire & Rubber Co.,

-9-

288 F.R.D. 126, 128 (N.D. Miss. 2012) (quoting M-1 LLC v. Stelly, 733 F. Supp. 2d 759, 801 (S.D. Tex. 2010)); accord Slide Fire Sols., LP v. Bump Fire Sys., LLC, 2016 WL 3352006, at *2 (N.D. Tex. Feb. 4, 2016); Acme Truck Line, Inc. v. Gardner, 2014 WL 6680667, at *2 (S.D. Tex. Nov. 25, 2014).

Thus, for example, to whatever extent, if any, that the documents stamped "Exhibit 8" as part of Exhibit 17 entitled "Policy and Procedure Proper Packaging of Specimens" might arguably constitute proprietary business information of the subpoena recipient, "there is no absolute privilege for trade secrets and similar confidential information." Federal Open Mkt. Comm. v. Merrill, 443 U.S. 340, 362 (1979). "By its terms [Rule 26(c)(1)(G)] requires [the party] to first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful." ITT Electro-Optical Prods. Div. v. Electronic Tech Corp., 161 F.R.D. 228, 230 (D. Mass. 1995); accord Hill v. Eddie Bauer, 242 F.R.D. 556, 561 (C.D. Cal. 2007)(citing In re Remington Arms Co., 952 F.2d 1029, 1031-32 (8th Cir. 1991)). "'That showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations [of] potential harm.'" Slide Fire, 2016 WL 3352006, at *2 (quoting Occidental Chem. Corp. v. La. Pub. Serv. Comm'n, 2008 WL 566833, at *2 (M.D. La. Feb. 29, 2008)); accord Acme Truck, 2014 WL 6680667, at *2 (citing Smith v. Jaramillo, 394 Fed.Appx. 183, 186 (5th Cir. 2010)).

The subject materials include (1) a declaration of a Louisiana Deputy Solicitor General; (2) an affidavit of service on the individual previously identified as Dr. Doe 6; (3) Exhibit 17, which includes 36 separate pieces of correspondence or advertisements sent to various businesses and county health departments in Mississippi, describing the services provided by Women's and Delta, describing themselves as "pregnancy termination clinics in Louisiana" and/or stating that they seek to employ physicians to "perform medical and surgical pregnancy terminations," and the noted above document called "Policy and Procedure Proper Packaging of Specimens; (4) Exhibit 18, an internet search of the New Orleans doctor previously identified as Dr. Doe 6 that identifies her as an obstetrician and gynecologist who performs abortions; (5) Exhibit 19, a public internet search of Women's that identifies it as an abortion clinic in the New Orleans area; (6) Exhibit 20, a screen shot from a web page that identifies Women's as an abortion clinic in the New Orleans area and lists the New Orleans doctor by name as an abortion provider; and (7) Exhibit 21, a screen shot of a web page concerning a pro-abortion rights organization that includes a quote from the same New Orleans doctor and lists her as a provider.

The Middle District court has issued orders in June allowing three particular plaintiff doctors, John Doe 1, 2 and 3, to proceed under pseudonyms, Record Doc. Nos. 12 and 96 at p. 4, ¶¶ 4 and 5 in C.A. No. 16-144 (M.D. La.). I disagree with the issuance of these protective orders insofar as they permit the plaintiff doctors to proceed

anonymously. See Plaintiff Doctor v. Hospital Service District #3, 2019 WL 351492, at *3 (E.D. La. Jan. 29, 2019) (citing S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979) (denying request to use fictitious names where mere economic harm or harm to professional reputations at stake); Doe v. BrownGreer PLC, 2014 WL 4404033, at *2-3 (E.D. La. Sept. 5, 2014) (denying request to use fictitious name when HIV-positive plaintiff claimed he would have difficulty finding new employment)). If a doctor or any other party specifically sought an order of this court seeking to keep their identities a secret, it would be denied **on the current record** applying the standards set out in Plaintiff Doctor, cited above.

Nevertheless. I must respect and adhere to those orders of another court, and I will do so here by applying them literally. The three doctors protected by the June order are identified as men with particular years of experience who provide abortion services in the Shreveport/Bossier City area. Record Doc. No. 1 (Complaint at pp. 5-6, ¶¶ 14-19) in C.A. No. 16-144 (M.D. La.). Their identities are not revealed in the materials before me. These three are not the New Orleans doctor identified in the materials that are the subject of the sealing motion before me. There is no court order in either June or the instant case requiring that the name of any doctor or individual be kept secret other than those particular three plaintiff doctors in the Middle District case and perhaps their "staff." Thus, while the June orders are effectuated, they do not apply to the New Orleans doctor named in the materials before me.

Most significantly, all of the materials at issue are either publicly available or do not on their face contain confidential information or trade secrets. As Exhibit 17 demonstrates on its face, Women's and Delta themselves have widely distributed these materials to about 36 individuals, businesses or county health public agencies and advertised their services. The identity of the New Orleans doctor is publicly accessible through a simple internet search of either Women's or her name, as demonstrated in these materials. Movants's Exhibits Nos. 18, 20. Her name and identity clearly appear on various web sites dedicated to publicly-disseminated information on or fund-raising promoting abortion and abortion rights. Movants's Exhibits Nos. 20, 21. The advertisements in Movants's Exhibits 17 contain only general information that could easily be found via other, freely available means. Finally, the document in Movants's Exhibit 18 labeled "Policy and Procedure Proper Packaging of Specimens" appears to contain only a general description of a procedure and does not appear to contain confidential information or trade secrets. I see no "identifiable, significant harm" that would be caused by disclosure, and no proof establishing such actual or potential harm has been submitted by Women's or Delta. <u>Morton</u>, 288 F.R.D. at 128 (internal quotations omitted). I find that the materials are neither so confidential nor commercially sensitive that defendants' interest in secrecy would outweigh the presumption of openness of this court's record and proceedings.

In addition, the materials concern an issue of acute and substantial public interest, the hotly contested public debate concerning the "right to life" as opposed to the "pro-choice" right to an abortion. Some of the materials depict individuals, including the New Orleans doctor, and/or organizations openly taking <u>public</u> positions on this important <u>public</u> issue. In these circumstances of extreme public interest, openness and transparency are the higher value, with the single exception noted below.

Having considered all of these factors, I find that good cause does not exist to protect the subject materials from disclosure by sealing them in this court's presumptively public record, with the single exception of what appear to be private residence addresses. Accordingly, IT IS ORDERED that movants's motion to seal is DENIED, except that the court will redact from these materials before filing them in the public record what appear to be personal residence addresses, as opposed to business or public place addresses. These addresses are contained at: Sealed Declaration of the Deputy Solicitor General at p. 2; Movants's Exhibit 16 at p. 1; Movants's Exhibit 18 at p. 1.

The Clerk and the parties are instructed that Local Rule 5.6(D) applies to further handling of these materials.

New Orleans, Louisiana, this \_\_\_25th\_\_\_ day of June, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**